494

[Civ. No. 19469.   Second Dist., Div. One.   June 15, 1953.]

ZELLA GWYNNE MUSSLER, Respondent, v. JESSIE B. NASH et al., Defendants; WALTER R. STOIKE et al., Appellants.

John Van Aalst for Appellants.

Blanche & Fueller and John K. Blanche for Respondent.

SCOTT (Robert H.), J. pro tem.—Defendants and cross-complainants Stoike appeal from an adverse judgment relating to a parcel of real property. They sought to require plaintiff Mrs. Mussler to convey the property to them. Plaintiff obtained judgment quieting title to the property in her as

against defendants. Other parties to the action who were involved in the dealings but do not participate in this appeal are defendants Nash.

▪ The controversy involved three parcels of improved real property:

(1) Mrs. Mussler's ''Valley Boulevard'' property.
(2) The Nashes' ''El Monte'' property.
(3) The Stoikes' ''Colton'' property.

Mrs. Mussler and the Nashes decided to trade properties and entered into an escrow for that purpose. Mrs. Mussler moved into the El Monte property. The Nashes decided they would prefer Stoikes' Colton property and arranged to let the Stoikes have the Valley Boulevard property in exchange. The plan would result in Mrs. Mussler getting the El Monte property—the Nashes getting the Colton property and the Stoikes getting the Valley Boulevard property.

It was decided that Mrs. Mussler would deed her Valley Boulevard property direct to the Stoikes instead of making a deed to the Nashes who would then have deeded it to the Stoikes.

If each party had owned her or their property outright there might have been no difficulty, but that was not the case. It appears that each owned only an equity in her or their respective parcels, but that these equities were substantially equal.

While the deals were in escrow Nash cancelled his escrow instructions and repudiated his contract with Mrs. Mussler. Later that year he was adjudicated bankrupt. The El Monte property was sold by the trustee under power of sale provided for in the trust deed. So that parcel dropped out of the picture. Then, too, the Colton property was lost to the parties by foreclosure.

This left only the Valley Boulevard property with Mrs. Mussler and the Stoikes both claiming it. The trial court decided that it belonged to Mrs. Mussler and from this decision the Stoikes appeal.

It is not contended by the Stoikes that when Mrs. Mussler moved into the El Monte property and temporarily occupied it she acquired title thereby. (*In re Chrisman*, 35 F.Supp. 282.)

Nor do we find that Mrs. Mussler ever got title to the El Monte property. Even before Nash cancelled the escrow instructions he had executed and delivered to his wife's

daughter and son-in-law named Turner, a deed to this El Monte property. The Turners promptly filed a declaration of homestead thereon. They have filed a disclaimer in this case. Further light on the character of Nash, if not upon the issues in the case, is shown by the execution by Nash—six months after he had deeded the property to the Turners—of a trust deed purported to encumber both the El Monte and the Valley Boulevard properties. It was unfortunate for both Mrs. Mussler and the Stoikes that they should have been parties to a deal involving a financially irresponsible third party. The fact remains that Mrs. Mussler never received the El Monte property which was the consideration for her agreement to convey the Valley Boulevard property to the Stoikes. The consideration having failed she was not and is not obliged to convey. (Civ. Code, § 1689.)

There was no privity of contract between Mrs. Mussler and the Stoikes. They were not parties to the same escrow. The deed to the Valley Boulevard property which Mrs. Mussler executed was placed in the escrow between the Nashes and Mrs. Mussler (to which the Stoikes were not parties) to be delivered to the Stoikes through a separate escrow (to which Mrs. Mussler was not a party) when she got title to the El Monte property. This escrow between Mrs. Mussler and the Nashes was cancelled by Nash. There is no claim that Mrs. Mussler received anything of value from the Stoikes.

Turning now to the Stoikes' claim that Mrs. Mussler is estopped to resist their claim, we find the following: The original complaint in the instant case was filed by Mrs. Mussler in the mistaken hope that the entire deal might still be consummated. It included a prayer for specific performance or damages against Nash—quiet title as to the El Monte property against the Turners, Nashes and Stoikes. An amended complaint was later filed to substantially the same effect. After the El Monte property had been sold under the trust deed and Mrs. Mussler could no longer hope to have the deal carried through, she filed a supplemental complaint which added nothing to the issues.

It is claimed by the Stoikes that Mrs. Mussler has misled them to their detriment by the pleadings in this case and is estopped to assert her title to the Valley Boulevard property. We find no merit in this contention. Mrs. Mussler optimistically sought specific performance of the deal before it became apparent that such a result was unattainable. Stoikes shared that optimism and cross-complained seeking a similar

result. They may have been equally mistaken but neither was misled nor deceived by the other. No supplemental cross-complaint was filed by the Stoikes bringing the issue of such estoppel before the trial court.

Judgment affirmed.

White, P. J., and Doran, J., concurred.